**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**TOMMY JOE CRABB,**                                          **PLAINTIFF,**

**VS.**                                    **CIVIL ACTION NO. 1:04CV138-P-D**

**ITAWAMBA COUNTY, MISSISSIPPI**
**and JOHN MARVIN SMITH,**                                          **DEFENDANTS.**

## <u>MEMORANDUM OPINION</u>

This matter comes before the court upon Defendants' Motion for Summary Judgment [33-1].

Upon due consideration of the motion and the responses filed thereto, the court is prepared to rule.

## I. FACTUAL BACKGROUND

For approximately eight years Tommy Joe Crabb worked as a road worker for Itawamba

County, Mississippi. By all accounts, Crabb was an effective worker. John Marvin Smith is one of

five members of Itawamba County's Board of Supervisors. Crabb worked in Smith's district and

they have known each other for some time. Shortly before Smith's run for re-election in August

2003, Smith approached Crabb for his support. Crabb informed Smith that he would not receive

Crabb's support. Less than a month later, the full Board of Supervisors voted to not renew Crabb's

contract.

On April 29, 2004, Crabb filed the instant action against Itawamba County and Supervisor

John Marvin Smith alleging: (1) Smith is liable under 42 U.S.C. § 1983 for violation of Crabb's First

Amendment free speech rights by retaliating against Crabb for not supporting Smith in his re-

election campaign; (2) Itawamba County is also liable under § 1983 for the same conduct because

Supervisor Smith was the delegated policy-making authority of the Board with respect to firing

employees; (3) Itawamba County is liable under *respondeat superior* and *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) should be modified to hold that under the circumstances of this case, Itawamba County is liable for Smith's unconstitutional acts; and (4) Smith is liable under Mississippi state law for tortious interference with employment relations because he caused Crabb to be terminated based upon malice and ill will toward Crabb rather than on work-related ineptitude.

The defendants have filed the instant motion for summary judgment arguing that (1) the County cannot be held liable for the alleged actions of one Supervisors; (2) the County cannot be held liable vicariously as held by the U.S. Supreme Court in *Monell*; (3) Crabb has shown no causal connection between his political speech and his termination; and (4) Crabb's tortious interference with employment relations fails because there was no third-party involvement.

## II. DISCUSSION

### A. Summary Judgment

Summary judgment should be entered only if "[t]here is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The party seeking summary judgment has the initial burden of demonstrating through the evidentiary materials that there is no actual dispute as to any material fact in the case. *Celotex Corp. v. Catrett*, 477 U.S. 3l7, 323 (l986). On motion for summary judgment, "[t]he inquiry performed is the threshold inquiry of determining whether there is a need for a trial -- whether, in other words, there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (l986). In determining whether this burden has been met, the court should view the evidence

introduced and all factual inferences from that evidence in the light most favorable to the party opposing the motion. *Id*. Furthermore, "the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, *supra*, at 322.

The summary judgment procedure does not authorize trial by affidavit. Rather, "[c]redibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge, whether he is ruling on a motion for summary judgment or for a directed verdict." *Anderson v. Liberty Lobby, Inc.*, *supra*, at 255. Accordingly, a court may not decide any factual issues found in the record on motion for summary judgment, but if such material issues are present, the court must deny the motion and proceed to trial. *Impossible Elec. Tech. v. Wackenhut Protection Systems*, 669 F.2d l026, l03l (5 Cir. l982); *Environmental Defense Fund v. Marsh*, 65l F.2d 983, 99l (5 Cir. l98l); *Lighting Fixture & Electric Supply Co. v. Continental Ins. Co.*, 420 F.2d l2ll, l2l3 (5 Cir. l969).

Under the provisions of Federal Rule of Civil Procedure 56(e), a party against whom a motion for summary judgment is made may not merely rest upon his pleadings, but must, by affidavit, or other materials as provided in Rule 56, inform the court of specific facts showing that there is a genuine issue for trial. *Celotex Corp. v. Catrett*, *supra*, at 324.

Summary judgment is not proper if a dispute about a material fact is "genuine," or in other words the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson*, *supra* at 248. There is no such issue unless the evidence sufficiently supports the non-

moving party's version of the facts for a jury to return a verdict in the non-moving party's favor. *Id.*, at 249. The relevant inquiry is whether or not there is sufficient disagreement on the facts to submit them to the jury or whether it is so one-sided that one party should prevail as a matter of law. *Id.*, at 251. The issue must be genuine, and not pretended, and the evidence relied on to create such an issue must be substantial. *Southern Distributing Co. v. Southdown, Inc.*, 574 F.2d 824, 826 (5th Cir. 1978).

## B. Itawamba County's Vicarious Liability for Actions of Supervisor

As discussed above, the plaintiff argues that the Supreme Court's decision in *Monell v. New York City Department of Social Services*, 436 U.S. 658 (1978) (holding *inter alia* that local governments cannot be held liable under the doctrine of *respondeat superior*) should be modified to hold that under the circumstances of this case, Itawamba County is liable for Smith's unconstitutional acts. Of course, this court does not possess the authority to modify holdings of the U.S. Supreme Court. Therefore, the court concludes that any § 1983 claim against the County based on vicarious liability should be denied.

## C. Smith's Individual Liability under § 1983

The Complaint asserts liability against Smith individually under § 1983 for allegedly violating Crabb's free speech rights by bring about Crabb's termination in retaliation for Crabb's refusal to support Smith in his August 2003 re-election campaign. Smith's individual liability under § 1983 is not developed in the briefs. However, it is undisputed that Smith did not terminate Crabb himself since a vote of the full Board was required to make such a decision. Thus, Smith "cannot be liable independently if [he] did not make the final decision." *Beattie v. Madison County School District*, 254 F.3d 595, 601 (5th Cir. 2001).

**D. Itawamba County's Liability under § 1983**

The defendants argue that Itawamaba County cannot be held liable under § 1983 for alleged violation of Crabb's free speech rights in the form of employment retaliation because Crabb cannot prove that the Board as a whole, regardless of the motives of one of its members, acted with an unconstitutional motive. Such a showing is necessary, the defendants argue, because the full Board of Supervisors is the final authority at issue; any liability on the County's part for the alleged retaliation against Crabb must be based on improper motives of the entire Board. Crabb, the defendants maintain, has no evidence that any of the other four Supervisors knew anything about Crabb's political preferences *vis-a-vis* Smith. For these propositions, the defendants cite the Fifth Circuit's opinion in *Beatie* as well as the Eleventh Circuit's opinion in *Matthews v. Columbia County*, 294 F.3d 1294, 1297 (11th Cir. 2002), *certiorari denied*, 588 U.S. 945 (2003).

The plaintiff parries that with regard to not rehiring Crabb, the other four Supervisors rubber-stamped Smith's decision against Crabb – especially given that the Board did not conduct an independent investigation regarding Crabb.

As a matter of law in the Fifth Circuit, the plaintiff is correct. To use the "cat's paw" analysis, Crabb must (1) demonstrate that Smith exhibited discriminatory animus; and (2) that Smith possessed leverage and exerted influence over the titular decisionmaker – *i.e.*, the Board of Supervisors. *Roberson v. Alltell Info. Services*, 373 F.3d 647, 653 (5th Cir. 2004). Where the titular decisionmaker does not conduct an independent investigation, but instead relies upon the recommendation of someone with retaliatory animus, the causal link between the plaintiff's protected activities and their subsequent termination remains in tact. *Long v. Eastfield College*, 88 F.3d 300, 307 (5th Cir. 1996). In other words, if there is an indication that the final decisionmaker

simply endorsed the decision of the person with the retaliatory motive, the causal link remains. *Gee v. Principi*, 289 F.3d 342, 345 (5th Cir. 2002).

The defendants urges that the proper test applicable to this case is familiar McDonnell-Douglas burden-shifting test used in Title VII employment discrimination cases. *McDonnell Douglas v. Green*, 411 U.S. 792 (1973). However, to prove a First Amendment retaliation claim, Crabb must show that (1) he suffered an adverse employment decision; (2) his speech involved a matter of public concern; (3) his interest in commenting on matters of public concern outweighs the defendant's interest in promoting efficiency; and (4) his speech motivated the adverse employment decision. *Beattie*, 254 F.3d at 601.

Given the legal principles discussed above, the court concludes that summary judgment should be denied with regard to Crabb's § 1983 claim for First Amendment employment retaliation against Itawamba County because there are genuine issues of material fact requiring a fact-finder to make credibility determinations.

**E. Smith's Liability for Tortious Interference with Employment Relations**

The Complaint characterizes this claim as "malicious interference with employment relations." Upon researching the issue, there is no such claim for "malicious interference with employment relations" in Mississippi. In his response, the plaintiff characterizes this claim as one for malicious interference with an at-will contract, citing among other cases, *Levens v. Campbell*, 733 So.2d 753 (Miss.1999). The court assumes, therefore, that the plaintiff is asserting a claim for tortious interference with a contract.

To establish tortious interference with a contract, the plaintiff must prove the same elements as those required to prove tortious interference with business relations, plus one additional element:

6

malicious interference with a valid and enforceable contract. *Levens*, 733 So.2d at 759-61. For tortious interference with business relations to lie in Mississippi, the plaintiff must prove: "(1) the acts were intentional and willful; (2) the acts were calculated to cause damage to the plaintiffs in their lawful business; (3) the acts were done with the unlawful purpose of causing damage and loss without right or justifiable cause on the part of the defendant (which constitutes malice); and (4) actual loss and damage resulted." *PDN, Inc. v. Loring*, 843 So.2d 685, 688 (Miss.2003).

The defendants correctly argue that "[a] party to a contract cannot be charged with interfering with his own contract." *Cenac v. Murray*, 609 So.2d 1257, 1269 (Miss. 1992). The plaintiff contends, however, that to maintain the privilege of interfering with one's own contract, "he must be acting within the scope of that authority and without bad faith." *Courtney v. Glenn*, 782 So.2d 162, 165 (Miss.Ct.App. 2001) (citing *Shaw v. Burchfield*, 481 So.2d 247, 255 (Miss. 1985)).

The court concludes that summary judgment should not be granted on Crabb's tortious interference with a contract claim because there are genuine issues of material fact with regard to whether Smith acted with bad faith in his recommendation that Crabb not be rehired. Again, it is necessary for a fact-finder to make credibility determinations regarding this claim.

### III. CONCLUSION

For the reasons discussed above, the court concludes that Defendants' Motion for Summary Judgment [33-1] should be granted in part and denied in part. Accordingly, an Order shall issue forthwith,

**THIS DAY** of October 11, 2005.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE